MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

LEONIDES CEGEDA and PASCUAL CEGEDA,     07 CV 4656 (RWS)(RLE)
individually and on behalf of others similarly situated,

                            *Plaintiffs*,     **COMPLAINT**

                   -against-

ENCHILADA BOB, INC. d/b/a/ BIG ENCHILADA,     **FLSA Collective Action**
and ROBERT PALUMBO,
                                                                   **ECF Case**

                            *Defendants*.
-----------------------------------------------------------------X

Plaintiffs Leonides Cegeda and Pascual Cegeda, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

### NATURE OF THE ACTION

1. Plaintiffs are former employees of Enchilada Bob, Inc. d/b/a Big Enchilada ("Defendant Enchilada").

2. Enchilada Bob, Inc. is owned and operated by individual Robert Palumbo ("Defendant Palumbo"). Enchilada Bob, Inc., by and through its owners, operates a Mexican restaurant named Big Enchilada.

3. Defendants have maintained a policy and practice of requiring Plaintiffs and other back-of-the-house employees to work in excess of forty hours per week without providing the

minimum wage and overtime compensation required by federal and state law and regulations. Plaintiffs now bring this action to recover damages, including but not limited to, unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R. § 137-1.7 (2005) (the "Spread of Hours Wage Order").

4. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants reside and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

7. Plaintiff Leonides Cegeda ("Plaintiff Cegeda") is an adult individual residing in New York City, Kings County. Plaintiff Cegeda was employed by the Defendants as a delivery and stock boy from approximately April 2002 through approximately December 2004.

8.      Plaintiff Pascual Cegeda ("Plaintiff Pascual") is an adult individual residing in New York City, Queens County. Plaintiff Pascual was employed by the Defendants as a line cook from approximately August 2003 through approximately January 2007.

*Defendants*

9.      Upon information and belief, Enchilada Bob, Inc. is a domestic corporation company organized and existing under the laws of the State of New York. It maintains its corporate headquarters at 28 E. 12th Street, New York, New York 10003, conducting business under the name Big Enchilada.

10.      Upon information and belief, Defendant Palumbo is an individual engaged in business in New York City. Defendant Palumbo is sued individually and in his capacity as an owner, officer and/or agent of the Defendant corporation.

**STATEMENT OF FACTS**

*Defendants' Employment and Compensation Practices*

11.      Plaintiffs regularly worked in excess of 40 hours a week and more than 10 hours a day.

12.      Defendants regularly required Plaintiffs to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

13.      Defendants employed Plaintiff Cegeda as both a delivery and stock boy. In addition to the duties associated with food delivery and stocking store merchandise, Plaintiff Cegeda was regularly required to wash dishes and clean the restaurant premises. From approximately April 2002 through December 2002, Plaintiff Cegeda regularly worked 72 hours

per week (12 hours a day, 6 days a week). From approximately January 2003 through December 2004, Plaintiff Cegeda regularly worked 84 hours per week (12 hours a day, 7 days a week).

14. Plaintiff Cegeda was paid a flat rate of $40 per day and received tips from Defendants' customers when performing delivery assignments; however, Defendants failed to keep adequate records of tips received.

15. Defendants employed Plaintiff Pascual as a line cook. His job duties included food preparation, cooking, and cleaning all kitchen areas. From approximately August 2003 through July 2006, Plaintiff Pascual regularly worked 84 hours per week (14 hours a day, 6 days a week). From approximately August 2006 through January 2007, Plaintiff Pascual regularly worked 66 hours per week (three 8 hour shifts and three 14 hour shifts a week).

16. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain timesheets and payroll records.

17. Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week. At no time did Plaintiffs receive a W-2 or payment slip.

18. On numerous occasions, Plaintiffs received neither the 30 minute noonday break period for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor an additional 20 minutes between 5 p.m. and 7 p.m. when employed on a shift starting before 11 a.m. and continuing after 7 p.m.

*Defendants' Organizational Structure*

19. Upon information and belief, Defendant Palumbo is the owner and/or executive director of Enchilada Bob, Inc. d/b/a Big Enchilada. Defendant Enchilada was created by Defendant Palumbo as Mexican Restaurant offering items such as burritos, tacos, enchiladas, quesadillas, and nachos. Enchilada Bob, Inc. has also done business as "The Big Enchilada" and "The Enchilada."

20. At all relevant times, Defendant Palumbo employed and/or jointly employed the Plaintiffs.

21. The gross annual volume of sales made or business done by Defendant Enchilada, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

22. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Collective Action Claims*

23. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

24. The named Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own interest in bringing this action.

    a. Similarly situated former and current employees are readily identifiable

and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

**FIRST CAUSE OF ACTION**
**Violation of the Minimum Wage Provisions of the FLSA**

25.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

26.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

27.     At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

28.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

29.     Defendants intentionally failed to pay Plaintiff Cegeda at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

30.     Defendants' failure to pay Plaintiff Cegeda at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

31.     Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Violation of the Overtime Provisions of the FLSA

32. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

33. Defendants intentionally failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

34. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

35. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

36. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

37. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

38. Defendants willfully failed to pay Plaintiff Cegeda at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

39. Defendants' failure to pay Plaintiff Cegeda minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

40. Plaintiff has been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### Violation of the Overtime Provisions of the New York State Labor Law

41. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

42. Defendants willfully failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a

workweek, in violation of N.Y. Lab. Law § 190 et seq. and regulations of the New York State Department of Labor.

43. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

44. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

45. Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order of the New York Commissioner of Labor

46. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

47. Defendants failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten in violation of N.Y. Lab. Law § 190 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §137-1.7 and 137-3.11.

48. Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

49. Defendants' failure to pay Plaintiffs an additional hour pay for each day Plaintiffs spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

50. Plaintiffs have been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully request that this Court enter judgment against

Defendants:

  A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

  B. Awarding Plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

  C. Awarding Plaintiffs liquidated damages in an amount equal to minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

  D. Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to Section 98 of the New York Labor Law;

  E. Awarding Plaintiffs prejudgment interest;

  F. Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys fees; and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
   May 30, 2007

            MICHAEL FAILLACE & ASSOCIATES, P.C.

            By: _____/s/_____
             Michael Faillace [MF-8436]
             110 East 59th Street, 32nd Floor
             New York, New York 10022
             (212) 317-1200
             *Attorneys for Plaintiffs*