LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| LEONIDES CEGEDA and PASCUAL CEGEDA, individually and on behalf of all others similarly situated, | : : : : : | 07 Civ. 4656 (RWS) (RLE) |
| Plaintiffs, | : : | **AMENDED ANSWER AND COUNTERCLAIMS** |
| - against - | : : | |
| ENCHILADA BOB, INC. db/a/ BIG ENCHILADA and ROBERT PALUMBO, | : : : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  Defendants Enchilada Bob, Inc., d/b/a Big Enchilada (hereinafter "Enchilada") and Robert Palumbo,(hereinafter "Palumbo"), by their attorneys, Levy Davis & Maher, LLP, as and for their Answer to plaintiff's Complaint, allege as follows:

  1.  Defendants admit the allegations of Paragraph 1 of the Complaint.

  2.  Defendants admit the allegations of Paragraph 2 of the Complaint.

  3.  Defendants deny the allegations of Paragraph 3 of the Complaint except admit that plaintiffs plaintiff purport to sue under the statutes and regulation cited.

  4.  Defendants deny the allegations of Paragraph 4 of the Complaint except admit that plaintiffs purport to proceed as alleged.

  5.  Defendants deny the allegations of Paragraph 5 of the Complaint except admit

that plaintiffs purport to raise a federal question.

6. Defendants admit that venue is proper under 28 U.S.C. § 1391 and otherwise admit the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint except admit that Cegeda was employed from August 2003 until approximately December 2004 and deny knowledge or information sufficient to form a belief as to Cegeda's residence.

8. Defendants admit the allegations of Paragraph 8 of the Complaint except deny knowledge or information sufficient to form a belief as to Pascual's residence.

9. Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint, except admit that Palumbo is an individual, is the principal of Enchilada, and that plaintiffs purport to sue on the theory stated in their Complaint.

11. Defendants deny, upon information and belief, the allegations of Paragraph 11 of the Complaint, except admits that plaintiffs sometimes worked in excess of 40 hours per week and/or more than ten hours in a day.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint, except admit that Cegeda requested and was given additional shifts.

14. Defendants deny the allegations of Paragraph 14 of the Complaint except admit that Cegeda received tips, was paid $40 per delivery shift and that precise records of tips were not maintained. Defendants aver that plaintiffs lack standing to prosecute defendants' alleged record keeping violations.

15. Defendants deny the allegations of Paragraph 15 of the Complaint except admit that plaintiff sometimes worked 66 hours per week from August 2006 through January 2007.

16. Defendants deny the allegations of Paragraph 16 of the Complaint except admit that records were not maintained in the form required by the U.S. Department of Labor and aver that plaintiffs lack standing to prosecute defendants' alleged record keeping violations.

17. Defendants deny the allegations of Paragraph 17 of the Complaint except admit that plaintiffs were paid in cash at their request.

18. Defendants deny the allegations of Paragraph 18 of the Complaint and aver that plaintiffs lack standing to prosecute defendants' alleged meal break violations.

19. Defendants admit the allegations of Paragraph 19 of the Complaint except deny that Palumbo's title is owner or executive director.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

## **AS TO THE FIRST CAUSE OF ACTION**

25. Defendants incorporate by reference each and every allegation previously set forth as if more fully set forth herein.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants admit the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendant deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

## AS TO THE SECOND CAUSE OF ACTION

32. Defendants incorporate by reference each and every allegation previously set forth as if more fully set forth herein.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION

36. Defendants incorporate by reference each and every allegation previously set forth as if more fully set forth herein.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

## AS TO THE FOURTH CAUSE OF ACTION

41. Defendants incorporate by reference each and every allegation previously set forth

as if more fully set forth herein.

      42.     Defendants deny the allegations of Paragraph 42 of the Complaint.

      43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

      44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

      45.     Defendants deny the allegations of Paragraph 45 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

      46.     Defendants incorporate by reference each and every allegation previously set forth as if more fully set forth herein.

      47.     Defendants deny, upon information and belief, the allegations of Paragraph 47 of the Complaint.

      48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

      49.     Defendants deny the allegations of Paragraph 49 of the Complaint.

      50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

      51.     Defendants deny that plaintiffs are entitled to the relief set forth in their prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

      52.     The Complaint fails in whole or in part to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

53. The Complaint is barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

54. The answering defendants did not own or operate the restaurant prior to August 2003.

### FOURTH AFFIRMATIVE DEFENSE

55. Defendant Enchilada did not own or operate the restaurant prior to February 2004.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PASCUAL CEGEDA

56. Defendants incorporate by reference each and every allegation previously set forth as if more fully set forth herein.

57. On or about August 17, 2007, Plaintiff-Counterclaim Defendant Pascual entered the premises of defendant's restaurant.

58. Pascual remained on the restaurant premises after the restaurant's business hours.

59. Pascual had no license or permission to remain on defendant's restaurant premises when the restaurant was closed to the public.

60. Palumbo discovered Pascual wrongfully inspecting and/or attempting to remove defendants' business records.

61. Upon information and belief, Pascual's purpose in wrongfully inspecting and/or attempting to remove defendants' business records was to gather evidence in support of plaintiffs' claims in this action.

62. Pascual, having committed common-law trespass, is liable to defendant for economic and punitive damages.

## AS AND FOR A SECOND COUNTERCLAIM
## <u>AGAINST PASCUAL CEGEDA</u>

63. Defendants incorporate by reference each and every allegation previously set forth as if more fully set forth herein.

64. Pascual, his attempt to inspect and/or remove business records having been discovered by Palumbo, intentionally attacked Palumbo with physical force, including biting and scratching.

65. Pascual, having committed battery upon Palumbo, is liable to Palumbo for compensatory and punitive damages.

WHEREFORE, defendants-counterclaim plaintiffs Enchilada Bob, Inc. and Robert Palumbo request that judgment be entered against plaintiffs dismissing the plaintiff's claims awarding judgment against counterclaim-defendant Pascual Cegeda for economic, compensatory and punitive damages and awarding defendant-counterclaim plaintiffs attorney's fees, costs and disbursements and such other and further relief as this Court may deem just, fair and equitable,

Dated: New York, New York
       August 20, 2007

                          LEVY DAVIS & MAHER, LLP

                          By: _____/s/_____

Jonathan A. Bernstein (JB 4053)
Attorneys for Defendants
880 Third Avenue
New York, New York 10022
(212) 371-0033

To:  Michael Faillace (MF 8436)
Michael Faillace and Associates, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
Attorneys for Plaintiffs